NO. 07-10-0072-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 NOVEMBER 22, 2010

 ELISEO RENE ZAMBRANO,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 NO. B18071-0906; HONORABLE EDWARD LEE SELF, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Eliseo Rene Zambrano challenges his conviction of assault on his wife
or girlfriend by contending the State violated his constitutional rights in
failing to provide him with exculpatory evidence and by the trial court
denying his motion for new trial on the same basis. We affirm the
judgment.
 Prior to trial, Kathy Cervantes, the mother of appellant's children,
signed an affidavit of non-prosecution. In that affidavit, she stated:

 I do not wish to prosecute or go through with the charges of my
 husband Eliseo Zambrano. I do not want to prosecute because
 everything that happened that day was misunderstood, and I am
 struggling without him being in jail and me and espicially [sic] his 3
 young daughter [sic] need him physical [sic], emotionally and
 financially and we need him w/us and everything that has happened was
 a mistake and a mistake for pressing charges.

The State concedes that this affidavit was not furnished to appellant prior
to trial because it could not be located even though appellant's counsel
inquired about it multiple times. The affidavit was not found until
appellant had filed a motion for new trial. Appellant argues he was denied
his right to due process and his right of confrontation (i.e. an effective
cross-examination) by the State failing to furnish the affidavit.
 The State has a duty to turn over material, exculpatory evidence to
the accused. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97,
10 L.Ed.2d 215 (1963). Due process is violated if the State fails to do so
regardless of whether bad faith on the part of the State is involved.
Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). Evidence is
material if there is a reasonable probability that, had it been disclosed,
the outcome would have been different, and the defendant bears the burden
of proving the same. Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim. App.
2002). The mere possibility that an item of information might have helped
the defense or might have affected the outcome does not establish
materiality in the constitutional sense. Id. The proper inquiry for an
appellate court is whether the failure to disclose the information
undermines confidence in the jury's verdict. See Ex parte Richardson, 70
S.W.3d 865, 870 n.22 (Tex. Crim. App. 2002).
 Cervantes testified during the guilt/innocence phase that 1) she tried
to avoid testifying because she "didn't want to come and . . . deal with
this whole situation," 2) she loves appellant, 3) the fight was over a set
of car keys and they were pushing each other, and 4) appellant punched her
in the face six times. During the punishment phase, she stated 1) she had
filed an affidavit of non-prosecution, 2) she did not want to get appellant
in trouble, 3) she needs appellant to help support her children, and 4)
even though she is afraid that her daughters are going to choose to be with
abusive men, she still wants appellant in her life. Thus, some of what was
contained in the affidavit was before the jury.
 There is also evidence that appellant's counsel knew prior to trial
that Cervantes had executed an affidavit of non-prosecution since he
requested it from the State and he specifically asked that question of
Cervantes during the punishment phase. A defendant fails to establish that
there is a reasonable probability that the result would have been different
when he had actual knowledge of the information. Ex parte Chavez, 213
S.W.3d 320, 325 (Tex. Crim. App. 2006) (there is no due process violation
when the defendant himself already knew of the exculpatory facts); Peters
v. State, 997 S.W.2d 377, 386-87 (Tex. App.-Beaumont 1999, no pet.) (the
defendant failed to show a different result would have occurred when the
defense had actual knowledge prior to trial that the victim had recanted
her testimony).
 Appellant argues that the trial court erred in denying his motion for
new trial because the evidence that the incident was a "misunderstanding"
is exculpatory in contrast to the State's allegation that he acted
intentionally, knowingly, or recklessly. Appellant's counsel also provided
testimony at the new trial hearing that, had he known the contents of the
affidavit of non-prosecution, he would have questioned Cervantes
"specifically about her claims that 'everything that happened that day was
misunderstood' and 'everything that has happened was a mistake.'" The
statement that there was a misunderstanding is unclear as to whether there
was a misunderstanding between Cervantes and appellant or between her and
the police officers. The statement that there was a mistake is unclear as
to whether appellant did not assault Cervantes, appellant made a mistake
when he assaulted her, or Cervantes made a mistake in pressing charges even
if appellant did assault her. Moreover, appellant apparently did not
question Cervantes prior to trial and did not question her during trial
about the contents of her affidavit even though he knew or at least
believed that one existed. Due to the ambiguity and vagueness of these
statements, we cannot say that the lack of their disclosure undermines
confidence in the verdict.
 Accordingly, we overrule appellant's issues and affirm the judgment.

 Per Curiam

Do not publish.

Concurring opinion by Pirtle, J.